## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DORIS J. HUBBARD and | § | |
| JESUS MAYOR, M.D. | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | |
| | § | |
| LONE STAR COLLEGE SYSTEM, DR. | § | Civil Action No. 4:13-CV-01635 |
| RICHARD CARPENTER, DAVID HOLSEY, | § | |
| KYLE A. SCOTT, STEPHANIE | § | |
| MARQUARD, ROBERT J. ADAM, DAVID | § | |
| VOGT, BOB WOLFE, LINDA S. GOOD, | § | |
| RON TROWBRIDGE, PRISCILLA KELLY, | § | |
| ALL IN THEIR OFFICIAL CAPACITY AS | § | |
| MEMBERS OF THE BOARD OF | § | |
| TRUSTEES OF LONE STAR COLLEGE | § | |
| SYSTEM | § | |
| | § | |
| Defendants | § | |

### CONSENT JUDGMENT AND DECREE

The Plaintiffs filed this action alleging that the current at-large method of electing the members of the Lone Star College System Board of Education (the "Board") results in African-American and Latino citizens of the District having less opportunity than Anglo citizens to participate in the political process and elect candidates of their choice, in violation of Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973 ("Section 2").

The parties, through counsel, have conferred extensively and agreed that it is in the best interest of all parties that this lawsuit be resolved without the expense of further protracted, costly and potentially divisive litigation. Moreover, the parties seek to ensure that redistricting of the voting districts used in the election of the members of the Board, following receipt of the 2010 Census data, be done in compliance with Section 2. Accordingly, the parties have entered into the following Consent Decree (the "Decree"), as an appropriate resolution of this civil action.

The parties stipulate as follows:

1. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. §1973j(f).

2. Defendant Lone Star College System (the "District") is a political and geographical subdivision of the State of Texas. The District's jurisdiction is set forth within Texas Education Code Section 130.191.

3. Defendant Dr. Richard Carpenter is the Chancellor, and David Holsey, Kyle Scott, Stephanie Marquard, Robert Adam, David Vogt, Bob Wolfe, Linda Good, Ronald Trowbridge, and Priscilla Kelly, are elected members of a Board, the body established under the laws of the State of Texas that is responsible for governing the District. Each are sued only in their official capacities and not in their personal capacities.

4. The Board consists of nine members elected in at-large, in non-partisan contests for staggered, six-year terms.

5. The Board is presided over by a Chairperson who is nominated and appointed by a majority of the Board.

6. According to the 2000 Census, Lone Star College System has a total population of 1,780,793, of whom 14.7% are African-American, 32% are Latino and 46.1% is Anglo.

7. The 2010 census and the most recent five-year American Community Survey reveal that it is possible to draw a single-member district in the Lone Star College District that has a Hispanic-citizen-voting-age-population majority.

8. Election analysis reveals that African-Americans in the College District vote cohesively and that Hispanics in the College District vote cohesively.

9. In the 2012 election, an African-American and a Hispanic incumbent ran for re-election to the board of trustees. Both were defeated by Anglo candidates.

10. While the Defendants have not and do not concede the ultimate issue of Section 2 liability, Defendants nonetheless acknowledge that Plaintiff may prevail were this action to proceed to trial because there is a basis in both fact and law for contending that the current at-large method of electing members of the Board, under the totality of the

circumstances, results in African-American and Latino citizens of the District having less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice in violation of Section 2. The usual and appropriate remedy for methods of election that dilute minority voting strength in violation of Section 2 is the drawing of new plans that do not dilute minority voting strength. See *Branch v. Smith*, 538 U.S. 254, 299-300 (2003); *Growe v. Emison*, 507 U.S. 25, 39-40 (1993).

11. Defendants have agreed to discontinue use of the current at-large method of electing members of the Board and, in place thereof, to adopt a voting plan for Board elections that provides nine single-member districts.

12. The attached Exhibit A contains the district map that shall govern elections in the District until districts are redrawn following the 2020 census. In one of the single-member districts, Latino citizens will constitute a majority of the citizen–voting-age population residing in that district. African-Americans and Latinos will have significant voting influence in at least two other districts.

13. Furthermore, in light of the evidence and facts developed in this litigation, the parties have agreed that in order to address the historical voting discrimination against protected minorities and in maximizing voter participation in an otherwise low voter turnout, it is appropriate for elections for the District be conducted in November of even numbered years.

THEREFORE, in light of the stipulated evidence, the Court FINDS that while the elements of a section 2 claim have not been present in the past, demographic and other changes make it likely that if the matter were to proceed to trial, section 2 liability could be proven.

THEREFORE, with the consent of the parties, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Defendants, their officers, agents, employees, successors, and all persons in concert with them in the performance of their official functions are enjoined from conducting any election for the Board based on the existing at-large election plan.

2. Defendants shall, on or before the general election currently scheduled for November 4, 2014, adopt the election plan described below, which creates minority opportunity districts in compliance with Section 2 of the Voting Rights Act:

     a.    nine Board members shall be elected in non-partisan contests from single-member districts according to the map and data attached hereto as Exhibit A;

     b.    the District shall employ a nine single-member districts election plan from this date forward, in perpetuity, absent leave of Court;

     c.    the District shall employ the election map attached as Exhibit A until required to redistrict after the 2020 Census;

     d.    the District shall conduct all future elections in November of even numbered years; and

3.    The schedule for implementing the new method of election shall be as follows:

     a.    On November 4, 2014, three district Board members shall be elected. Candidates running in Districts 3, 4 and 9 shall run for six-year terms expiring in 2020. Thereafter, all Board members shall be elected to six-year terms.

     b.    On November 8, 2016, three district Board members shall be elected. Candidates running in Districts 5, 6 and 7 shall run for six-year terms expiring in 2022. Thereafter, all Board members shall be elected to six-year terms.

     c.    On November 6, 2018, three district Board members shall be elected. Candidates running in Districts 1, 2 and 8 shall run for six-year terms expiring in 2024. Thereafter, all Board members shall be elected to six-year terms.

4.    The terms of office of all incumbent Board members shall be shortened to the extent necessary to comply with the election schedule set forth in Paragraphs 2 and 3.

5.    Except as inconsistent with or specifically altered by the terms of this Decree, all state laws shall continue to govern elections for the Board.

6.    Subsequent to the entry of this Decree, should Defendants or their successors desire to change or depart from the terms of the Decree, other than to draw new district maps after a federal Census, any such change or departure shall be made only after seeking leave of this Court. Any revision to the district map and method of election outlined in this Decree shall be made in compliance with Section 2 of the Act and applicable constitutional standards.

7.  This Court shall retain jurisdiction over this matter to enforce the provisions of the Decree and for such further relief as may be appropriate.

8.  As between Defendants and the Plaintiffs, Defendants shall pay Plaintiffs $50,000 as reasonable and necessary attorneys fees, expert fees and costs.

ENTERED and ORDERED this 11th day of October, 2013.

KENNETH HOYT
UNITED STATES DISTRICT JUDGE